Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| DIANNE NIEVES GONZÁLEZ<br><br>Peticionaria<br><br>v.<br><br>DR. ROBERTO PEGUERO, VETERINARIO, FAJARDO MEDICAL HOSPITAL Y OTROS<br><br>Recurridos | TA2025CE00721 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.: FA2024CV00351<br><br>Sobre:  Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

El Tribunal de Primera Instancia ("TPI") determinó excluir la prueba pericial propuesta por la parte demandante en un caso de daños y perjuicios por supuesta mala práctica veterinaria.  Según se explica en detalle a continuación, concluimos que erró el TPI, pues la prueba fue anunciada oportunamente y antes de concluido el periodo de descubrimiento de prueba y, dada la etapa procesal del caso y la naturaleza de la prueba pericial en juego, lo razonable es permitir dicha prueba.

I.

En abril de 2024, la Sa. Dianne Nieves González (la "Demandante" o "Peticionaria") presentó por derecho propio la acción de referencia, sobre daños y perjuicios (la "Demanda"), en contra del Dr. Roberto Peguero (el "Demandado", "Recurrido" o "Veterinario"), una aseguradora desconocida y otros.

En síntesis, la Demandante alegó que su perro, llamado Greco Vizcarrondo Nieves (el "Perro"), falleció el 23 de abril de 2024, mientras recibía atención médica del Recurrido, luego de un

diagnóstico de fallo renal.  Sostuvo que el Recurrido fue negligente en su diagnóstico y tratamiento del Perro, en atención a un informe de necropsia realizado por la Dra. Alexia Simeonidis, Veterinaria (la "Perito de Ocurrencia"), en el cual se indicó como causa de muerte un fallo cardiorrespiratorio, a causa de dirofilariasis (gusano del corazón).

El Veterinario contestó la Demanda; alegó que a la Peticionaria se le explicó la pobre prognosis y la condición de gravedad del Perro, y que fue la Peticionaria quien insistió en que se le diera tratamiento a este, a pesar de su gravedad.  Aseveró que el Perro recibió un tratamiento adecuado y que falleció a causa de una aparente hemorragia pulmonar.

Al cabo de varios incidentes procesales, el 25 de **febrero de 2025**, el TPI celebró la **conferencia inicial**.  Según surge de la *Minuta* correspondiente, se pautó el **30 de junio** como la fecha para finalizar el descubrimiento de prueba.[1]

El **26 de junio**, la Peticionaria incoó una *Solicitud de Nuevo Termino para Concluir el Descubrimiento de Prueba* (la "Moción de Prórroga").  La Peticionaria solicitó una extensión al término de descubrimiento de prueba debido a cuatro (4) asuntos pendientes de resolver, que detalló en la *Solicitud* y relacionados con el descubrimiento de prueba.

En lo atinente al recurso de referencia, la Demandante informó que evaluaba contratar un perito general, además de la Perito de Ocurrencia que ya tenía.  No obstante, informó que dicho proceso se había dilatado a consecuencia de una intervención quirúrgica reciente de la propia Peticionaria.[2]  **Destacamos que el Recurrido no objetó la solicitud de término adicional** para

---

[1] Entrada 55 de SUMAC:
[2] Entrada 70 de SUMAC.

concluir el descubrimiento de prueba **ni se manifestó en cuanto al anuncio de que se contrataría un perito general.**

El 27 de junio, el TPI notificó una *Orden* mediante la cual **extendió el periodo de descubrimiento de prueba hasta el 19 de septiembre**.[3] Además, se consignó que la vista pautada para el 9 de septiembre lo sería sobre el estado de los procedimientos.

El 9 de septiembre, el TPI celebró la vista sobre el estado de los procedimientos. De acuerdo con la *Minuta[4]* que recoge las incidencias de la vista, la Peticionaria solicitó un término adicional para el descubrimiento debido a que ya había conseguido un perito en Estados Unidos disponible para preparar un informe pericial. Estimó que en dos semanas estaría listo dicho informe.

El Recurrido se opuso a dicha solicitud; planteó que no había justa causa para la notificación tardía del perito. Mientras, la Peticionaria explicó que el anuncio reciente del perito general obedecía a que en Puerto Rico no se encontraron peritos disponibles. Subrayó que, desde junio, había informado por escrito su intención de conseguir un perito.

El TPI concluyó que no se había demostrado justa causa para el anuncio tardío de un perito y que traerlo en esa etapa de los procedimientos conllevaría reabrir el descubrimiento de prueba. A pesar de que había concedido hasta el 19 de septiembre para concluir el descubrimiento de prueba, el TPI lo dio por concluido en ese momento y no autorizó la presentación del perito de la Peticionaria.

El **16 de septiembre**, la Peticionaria incoó una *Reconsideración.*[5] Sostuvo que había justa causa para la presentación del informe pericial debido a que se trataba de prueba

---

[3] Entrada 71 de SUMAC.
[4] Entrada 82 de SUMAC.
[5] Entrada 83 de SUMAC.

esencial para sustentar su alegación de negligencia. **Junto con la solicitud de reconsideración, la Peticionaria acompañó el informe de los peritos propuestos y el *curriculum vitae* de ambos**.

El Recurrido se opuso a la reconsideración solicitada; sostuvo que la Peticionaria no demostró justa causa para anunciar dos peritos de manera tardía y que, en realidad, la tardanza obedeció a que la Peticionaria no corroboró oportunamente que la Perito de Ocurrencia no apoyaba su teoría de negligencia.

El 7 de octubre, el TPI dictó y notificó una *Resolución* mediante la cual denegó la solicitud de reconsideración de la Peticionaria.

En desacuerdo, el 4 de noviembre, la Demandante presentó el recurso de *certiorari* de referencia; formula el siguiente señalamiento de error:

> PRIMER ERROR: ERRÓ EL TPI, ABUSO DE SU DISCRECION Y VIOLENTO EL DEBIDO PROCESO DE LEY AL NO PERMITIR A LA DEMANDANTE EL USO DE PERITOS GENERALES.

Junto al recurso, la Peticionaria presentó una *Moción Auxilio de Jurisdicción y en Solicitud de Orden*, la cual este Tribunal declaró Con Lugar ese mismo día. Asimismo, le concedimos al Demandado hasta el 14 de noviembre para mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la determinación recurrida. El Recurrido no compareció, ni solicitó prórroga oportunamente, por lo que resolvemos sin el beneficio de su comparecencia.

II.

Mediante el descubrimiento de prueba se pretende ayudar a precisar y minimizar las controversias litigiosas; obtener evidencia que se utilizaría en el juicio; facilitar la búsqueda de la verdad y perpetuar la prueba relacionada con las reclamaciones de un caso. Véase, Regla 23.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R.

23.1; *Berrios Falcón v. Torres Merced*, 175 DPR 962, 971 (2009); *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000); véanse, además, *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 728 (1994); *Lluch v. España Service Sta.*, 117 DPR 729, 743 (1986).

En cuanto al alcance del descubrimiento de prueba, este debe ser amplio y liberal. *Consejo de Titulares v. Triple-S*, 2025 TSPR 82 a la pág. 14, citando a *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera y otros*, 152 DPR a la pág. 152. El TPI tiene "amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Rivera Gómez v. Arcos Dorados*, 212 DPR 194, 203 (2023), citando a *Cruz Flores et al.*, 210 DPR a las págs. 496-497.

Ahora bien, cualquier limitación al descubrimiento de prueba deberá hacerse de forma razonable. Es decir, "[m]ás que una facultad, existe un deber que se le impone al Tribunal de Primera Instancia de actuar afirmativa y dinámicamente en la tramitación de los casos ante su consideración". *Rivera Gómez*, 212 DPR a la pág. 221, citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2.a ed., Publicaciones JTS, 2011, T. III, págs. 837–838; *Vives Vázquez v. ELA*, 142 DPR 117, 139 (1996). Los tribunales apelativos no intervendrán con el ejercicio de discreción del TPI en materia de descubrimiento de prueba a menos que se demuestre que dicho foro: (1) actuó movido por prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Por otro lado, es menester puntualizar que en nuestra jurisdicción rige una norma de liberalidad en cuanto a la admisibilidad del testimonio pericial. *Dye-Tex P.R., Inc. v. Royal Ins. Co., P.R.,* 150 DPR 658, 663, 665 (2000). El propósito principal de la participación de un testigo perito en un proceso judicial es asistir e ilustrar al juzgador de hechos sobre aquella materia acerca de la cual ha de prestar su opinión. *S.L.G. Font Bardón v. Mini-Warehouse,* 179 DPR 322, 338 (2010). Un perito resulta necesario para la correcta adjudicación de un asunto cuando éste involucra cuestiones altamente técnicas.

En particular, en casos de responsabilidad civil por actos de mala práctica de la medicina, es particularmente importante la prueba pericial para demostrar la conducta negligente. Véase, *Ríos Ruiz v. Mark,* 119 DPR 816, 821-822 (1987); *Rodríguez Crespo v. Hernández,* 121 DPR 639, 649 (1988). De ordinario, la parte demandante en un pleito por impericia está en la obligación de establecer, mediante prueba pericial, cuáles son los requisitos de cuidado y conocimiento científico que les son requeridos a los médicos en el tratamiento de sus pacientes. *López v. Dr. Cañizares,* 163 DPR 119, 133-134 (2004).

III.

Aunque el TPI tiene amplia discreción para pautar el descubrimiento de prueba, esa discreción no debe ejercitarse en un vacío. Por el contrario, el ejercicio de dicha discreción debe ser el resultado de un balance **razonable** entre el interés de garantizar un descubrimiento de prueba amplio y liberal, y el interés de promover una solución justa, rápida y económica del caso. El derecho a presentar prueba en apoyo de una reclamación constituye uno de los ejes centrales del debido proceso de ley. *Rivera Gómez,* 212 DPR a la pág. 207.

En este caso, concluimos que abusó de su discreción el TPI al excluir la prueba pericial propuesta por la Demandante. En primer lugar, desde junio de 2025, la Peticionaria solicitó la extensión del descubrimiento de prueba, entre otras razones, precisamente porque gestionaba obtener un perito general fuera de Puerto Rico. **El Demandado no objetó esta solicitud y el TPI la concedió**. Precisamente a raíz de ello, es decir, descansando sobre lo actuado por el propio TPI, la Demandante realizó la gestión de obtener los peritos y el informe correspondiente. Así pues, no es razonable que, una vez concluida la gestión autorizada por el TPI, dicho foro determinara prohibir la prueba obtenida como resultado de la misma.

En segundo lugar, el tiempo transcurrido para obtener la prueba pericial no fue irrazonable. De hecho, los peritos, junto con el informe, fueron anunciados y provistos antes de la fecha límite de descubrimiento establecida por el propio TPI. Desde que se anunció la intención de obtener un perito fuera de Puerto Rico, hasta que se anunció la contratación y se suplió el informe, pasaron menos de tres meses.

Dado el contexto anterior, lo razonable era que el TPI accediera a conceder una breve extensión del período de descubrimiento de prueba con el fin de que el Demandado, si así lo interesara, pudiese deponer a los peritos. En el contexto del estado procesal del caso, una breve extensión para descubrir prueba en conexión con los nuevos peritos no conlleva un retraso significativo en el trámite del caso ni causa un perjuicio indebido al Recurrido.

En tercer lugar, debido a la potencial magnitud de excluir del juicio el testimonio de un perito en un caso de impericia, dicha exclusión solo procedía ante circunstancias excepcionales, totalmente ausentes aquí. En efecto, la norma es que la exclusión del juicio del testimonio "de un testigo crucial [o de un perito

esencial], que es análoga a la medida extrema de la desestimación, sólo debe usarse en circunstancias excepcionales [...]". *Rivera Gómez*, 212 DPR a las págs. 206-207, citando a *Valentín v. Mun. de Añasco*, 145 DPR 887, 895 (1998).

V.

Por los fundamentos que anteceden, se expide el auto de *certiorari* solicitado y se revoca el dictamen recurrido. Se deja sin efecto la paralización de los procedimientos decretada por este Tribunal mediante *Resolución* notificada el 4 de noviembre y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí dispuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones